**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC<br>2 South Biscayne Blvd., Suite 3800<br>Miami, Florida 33131<br><br>                Plaintiff,<br><br>      vs.<br><br>GREATER BALTIMORE MEDICAL CENTER, INC.<br>6701 North Charles Street<br>Towson, Maryland 21204<br><br>    Serve on: John B. Chessare, Resident Agent<br>                  6701 North Charles Street<br>                  Towson, Maryland 21204<br><br>                Defendant. | Civil Action No.: _____ |

**COMPLAINT AND JURY DEMAND**

Plaintiff, HAWK TECHNOLOGY SYSTEMS, LLC ("Hawk"), hereby brings suit against Defendant, Greater Baltimore Medical Center, Inc. ("Greater Baltimore Medical Center"), and alleges:

**INTRODUCTION**

1. This is a civil action for patent infringement of United States Patent No. RE43,462 ('462 Patent), under the patent laws of the United States, including 35 U.S.C. §§271 and 281-285. The '462 Patent is a reissue of United States Patent No. 5,625, 410 (the '410 Patent). The independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

2. A copy of the '462 Patent is attached hereto as Exhibit A.

3. The abstract for the '462 Patent states:

    A PC-based system for monitoring and storing representative images from video cameras which may be utilized for security or other monitoring

applications. Camera inputs from digital or analog sources are individually and independently digitized and displayed at a first set of image sizes, sampling rates, and frame rates, and may be stored in digital form on various recording media at a second set of image sizes, sampling rates, and frame rates, and these two sets of sizes and rates may or may not be identical. Provisions are included for adding detection or alarm systems which will automatically alter image size, sampling rate and/or frame rate of an individual input source, or activate other physical responses. In addition to security system monitoring, further applications of the invention are disclosed for process monitoring in manufacturing environments and also for applications in videoconferencing.

## PARTIES

4. Hawk is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

5. Greater Baltimore Medical Center is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 6701 North Charles Street, Towson, Baltimore County, Maryland 21204.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

7. This court has personal jurisdiction over Greater Baltimore Medical Center because the infringing activity alleged herein took place in the State of Maryland. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

8. Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

## GENERAL ALLEGATIONS

9. Hawk Technology Systems was formed in 2012 to commercialize the inventions of its founder, Mr. Barry Schwab.

10. Mr. Ken Washino and Mr. Schwab invented what is claimed by the '462 Patent.

11. Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

12. Mr. Schwab also is a named inventor on more than thirty patents, ranging from consumer products to secure network computing.

13. Hawk is the exclusive owner of all rights, title, and interest in the '462 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

14. Hawk became the owner of all rights, title, and interest in the '462 Patent by virtue of an assignment from Multi-Format, Inc. ("MFI"), a New Jersey corporation.

15. MFI obtained its rights, title, and interest in the '462 Patent by virtue of an assignment from Messrs. Washino and Schwab.

## Claim 12 of the '462 Patent

16. Claim 12 of the '462 patent states:

> The method of simultaneously displaying and storing multiple video images, comprising the steps of:
>
> receiving video images at a personal computer based system from one or more sources;
>
> digitizing any of the images not already in digital form using an analog-to-digital converter;
>
> displaying at least certain of the digitized images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window;
>
> converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image; and
>
> simultaneously storing the converted images in a storage device.

('462 Patent, Col. 11, line 62 – Col. 12, line 10).

17.     Greater Baltimore Medical Center uses a video storage and display system and methods in its facilities that infringes one or more claims of the '462 Patent.

18.     A claim chart, attached as Exhibit B, explains how Greater Baltimore Medical Center performs each step of method Claim 12.

### COUNT I: DIRECT INFRINGEMENT OF THE '462 PATENT

19.     The allegations contained in paragraphs 1-18 above are hereby re-alleged as if fully set forth herein.

20.     Without Hawk's authorization, Greater Baltimore Medical Center uses a video storage and display system and/or methods that infringe one or more of the claims in the '462 Patent, as defined in 35 U.S.C. §271(a).

21.     Hawk has been damaged by Greater Baltimore Medical Center's infringement.

22.     For the avoidance of doubt, Hawk only seeks damages which are not barred by the statute of limitations for infringement that occurred prior to the patent expiring on April 29, 2014.

### PRAYER FOR RELIEF

**WHEREFORE**, Hawk respectfully requests the Court:

A.     Enter a judgment finding that Greater Baltimore Medical Center has directly infringed the '462 Patent;

B.     Pursuant to 35 U.S.C. § 284, order Greater Baltimore Medical Center to pay damages adequate to compensate for the infringement and including all other damages allowed by 35 U.S.C. §284, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs;

C.     Find this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and award reasonable attorneys' fees, costs, and expenses incurred by Plaintiff in prosecuting this action; and,

4

D.        Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: April 29, 2016

Respectfully submitted,

**/s/ Robert K. Jenner**
Robert K. Jenner, Esq. (Bar No. 04165)
Adam P. Janet, Esq. (Bar No. 11222)
JANET, JENNER & SUGGS, LLC
Commerce Centre East
1777 Reisterstown Road, Suite 165
Baltimore, Maryland 21208
Telephone: (410) 653-3200
Facsimile: (410) 653-9030
rjenner@myadvocates.com
ajanet@myadvocates.com

*Pro Hac Vice to be Filed:*

Gregory J. Myers, Esq. (MN #287398)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 200
Minneapolis, Minnesota 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
gjmyers@locklaw.com

*Counsel for Plaintiffs*